## AGREEMENT AND GENERAL RELEASE

**Remy Cointreau USA, Inc.** ("Employer"), and Monique Alston, her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Consideration.** In consideration for signing this Agreement and General Release, and complying with the terms and conditions herein, Employer, or its designee, agrees to pay Employee TWENTY SIX THOUSAND SIX HUNDRED AND SEVENTY NINE DOLLARS AND TWENTY ONE CENTS ($26,679.21). One half of the total payment shall be subject to normal withholdings, for which a Form W-2 will be issued; the other half will not be subject to withholdings, and for which a Form 1099 will be issued. Employer will also pay TWENTY THREE THOUSAND THREE HUNDRED TWENTY DOLLARS AND SEVENTY NINE CENTS ($23,320.79) for attorneys' fees and costs, for which a Form 1099 will be issued, half of which will be made payable to Katz Melinger PLLC and half of which will be made payable to Hach Rose Schirripa & Cheverie LLP. Employer, or its designee, agrees to make all payments in one lump payment within ten (10) business days after (a) Employer receives a signed copy of this Agreement and General Release; (b) the Case has been dismissed with prejudice; and (c) the revocation period set forth in this Agreement has expired, whichever is later.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in Paragraph "1" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

3. **Mutual General Release of All Claims.**

Employee knowingly and voluntarily releases and forever discharges Remy Cointreau USA, Inc., its predecessors, successors, officers, directors, employees and agents, acting in their capacity as such (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Genetic Information Non-discrimination Act;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act of 1967 (the "ADEA");
- The Fair Labor Standards Act;

- The New York State Executive Law (including its Human Rights Law);
- The New York State Labor Law;
- The New York wage and wage-hour laws;
- The New York City Administrative Code (including its Human Rights Law);
- Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, compensation, employment, labor or other local, state or federal law, regulation or ordinance;
- Any amendments to the foregoing laws;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract, third-party beneficiary, tort or common law claim; or,
- Any claim for costs, fees, or other expenses including attorneys' fees.

Employer knowingly and voluntarily releases and forever discharges Employee, her heirs, executors, administrators, successors, and assigns from any and all claims, known and unknown, asserted or unasserted, including but not limited to those related to or arising out of Employee's employment with Employer, which Employer has or may have against Employee as of the date of execution of this Agreement and General Release.

4. **Non-Disparagement.** Employee shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, that could be construed as negative or defamatory concerning Employer to any individual or entity, including but not limited to customers, vendors or current or former employees of Employer. Nothing in this Paragraph shall be read to preclude Employee from making truthful statements.

Upon inquiry to the Human Resources Department from a prospective employer regarding Employee, Employer will provide only confirmation of employment with Employer, including dates of employment and salary information.

5. **Acknowledgments and Affirmations.**

(a) Employee affirms that she has not filed, caused to be filed, or presently is a party to any claim against Employer, except the within lawsuit, filed with the United States District Court for the Southern District of New York, Case No. 15-cv-3374.

(b) Employee affirms that she has been granted any leave to which she was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

(c) Employee affirms that she has no known workplace injuries or occupational diseases.

(d) Employee further affirms that she has not been retaliated against for reporting any allegations of wrongdoing by Employer or its officers, including any allegations of corporate fraud. Both Employer and Employee acknowledge that this Agreement does not limit

2

either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

(e) Employee affirms that she is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

6. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or seek any damages for breach. Such action may be brought only in a federal or state court within the State of New York, County of New York Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

9. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.

10. **Counterparts**. This Settlement Agreement may be executed and delivered via facsimile or email and in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument.

11. **Competency to Waive Claims.** Employee is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement. She is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. To the contrary, she has a clear and complete understanding of this Agreement. Employee is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Releasees from any claims by or relating to Employee.

12.  **Execution**.

(a)  The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The meaning, effect and terms of this Agreement have been fully explained to Employee by her counsel, Katz Melinger PLLC and Hach Rose Schirripa & Cheverie LLP. Employee fully understands that this Agreement generally releases, settles, bars and waives any and all claims that she possibly could have against Releasees as of the date of execution of this Agreement. Employee further represents that she is fully satisfied with the advice and counsel provided by Katz Melinger PLLC and Hach Rose Schirripa & Cheverie LLP.

(b)  Employee may revoke this Agreement as it relates to the release of claims under the ADEA only, for a period of seven (7) calendar days following the day she executes this Agreement. Any revocation within this period must be submitted in writing and state, "I hereby revoke my acceptance of our Agreement and General Release as it relates to claims under the ADEA." The revocation must be delivered personally, by certified mail with return receipt, or by Federal Express to Jeffrey Brecher, Esq, 58 South Service Road, Suite 250, Melville New York 11747 and postmarked within seven (7) calendar days of execution of this Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday. If the Agreement as it relates to the release of claims under the ADEA is revoked, Employer shall only be required to pay Five Hundred Dollars as consideration in lieu of the amount specified in paragraph 1 as consideration for the general release of all other claims set forth in paragraph 3.

(c)  Employee also confirms that she has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Releasees to execute this Agreement and was not caused to sign this Agreement without the opportunity for or actual consultation with counsel; and,

(d)  Employee fully understands the terms of this Agreement and does not require translation service or other assistance.

**EMPLOYEE IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND IS HEREBY ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT, AND EMPLOYEE AFFIRMS SHE HAS CONSULTED WITH KATZ MELINGER PLLC AND HACH ROSE SCHIRRIPA & CHEVERIE LLP PRIOR TO SIGNING THIS AGREEMENT.**

**EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE**

**INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES AS OF THE DATE OF EXECUTION OF THIS AGREEMENT.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: September 27, 2016          By: _____
                                       **MONIQUE ALSTON**


                                       **REMY COINTREAU USA, INC.**
Dated: _____, 2016       By: _____
                                   Title: _____